**Kieran J. Curley**, OSB No. 012414
kieran.curley@millernash.com
**Bruce L. Campbell**, OSB No. 925377
bruce.campbell@millernash.com
**Erica R. Tatoian**, OSB No. 164896
erica.tatoian@millernash.com
**J. Aaron Landau**, OSB No. 094135
aaron.landau@millernash.com
**Christopher J. Riley**, OSB No. 211614
christopher.riley@millernash.com
MILLER NASH LLP
1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: 503.224.5858 | Fax: 503.224.0155

*Attorneys for Petitioner Vadim Serbenyuk*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| VADIM SERBENYUK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NICOLE MORRISEY O'DONNELL, Multnomah County Sherrif; UNITED STATES MARSHAL SERVICE; CAMMILLA WAMSLEY Portland Field Director, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of Immigration Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY;  KRISTI NOEM, Secretary of Homeland Security; and PAMELA JO BONDI, Attorney General of the United States,<br><br>　　　　　Respondents. | Case No.<br><br>PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |

Page 1 -     Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

## I.    INTRODUCTION

1.    Petitioner Vadim Serbenyuk is at risk of being detained again by United States Immigration and Customs Enforcement ("ICE") pursuant to an expedited removal order that is legally invalid and constitutionally defective.

2.    Mr. Serbenyuk is a former Ukrainian refugee and lifelong Pentecostal Christian whose faith requires pacifism. Mr. Serbenyuk reasonably fears that if returned to Ukraine he will be conscripted and sent to the front line, in violation of both his religious views and his political pacifist viewpoint.

3.    Mr. Serbenyuk was not lawfully placed in an expedited removal proceeding that led to the order of removal at issue. Expedited removal is appropriate only where a noncitizen has sought to procure immigration status or citizenship via fraud or false representations, 8 U.S.C. § 1182(a)(6)(C), *or* where a noncitizen, at the time of application, fails to satisfy certain documentation requirements, 8 U.S.C. § 1182(a)(7). *See* 8 C.F.R. § 235.3(b) ("The expedited removal provisions shall apply to the following classes of aliens *who are determined to be inadmissible under section 212(a)(6)(C) or (7)[1]* of the Act[.]") (emphasis added).

4.    8 U.S.C. § 1182(a)(7)(A)(i)(I) applies to a noncitizen who "is not in possession of a . . . valid entry document . . . and an unexpired passport." At his time of entry, Mr. Serbenyuk had a confirmed appointment via the CBP One application and an unexpired passport.

5.    Even if Mr. Serbenyuk was lawfully subject to the expedited removal process, his fear was not properly elicited or examined during his credible-fear interview because he was unrepresented and the asylum officer failed to ask the questions necessary to ascertain the religious basis of his fear of returning to Ukraine.

6.    The record shows that after Mr. Serbenyuk stated that he did not have an attorney or consultant, the asylum officer asked if Mr. Serbenyuk had received a list of legal service providers who could offer free or low-cost representation. Mr. Serbenyuk responded that he had

---

[1] Section 212 of the Immigration and Nationality Act is codified at 8 U.SC. § 1182.

Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

not. The officer said he could "provide [Mr. Serbenyuk] with a list of free or a low-cost legal service providers *after we talk*." (emphasis added). The officer then told Mr. Serbenyuk that "the presence of an attorney or consultant *is not required for this interview*." (emphasis added). Mr. Serbenyuk agreed to continue with the interview without the assistance of an attorney because the officer led him to believe an attorney's presence was not necessary, and Mr. Serbenyuk reasonably believed that he would be asked the questions necessary to accurately assess his asylum claim. That did not occur. The asylum officer did not ask Mr. Serbenyuk why he feared military service, did not inquire into the religious basis of his pacifism, and did not explore the role of his faith in his fear of return. The asylum officer failed to "elicit *all relevant and useful* information bearing on whether [Mr. Serbenyuk could] establish a credible fear of persecution or torture" as required by 8 C.F.R. § 208.30.

7.     The deficiencies of Mr. Serbenyuk's credible fear interview were exacerbated by his statutorily guaranteed review by an Immigration Judge, which was also constitutionally defective. The Immigration Judge performed a cursory review of the record and did not attempt to accurately understand the religious and political basis of Mr. Serbenyuk's fear.

8.     Moreover, the government cannot lawfully remove Mr. Serbenyuk to Ukraine. After receiving a negative credible-fear determination, Mr. Serbenyuk was detained for more than six months—ending only when the United States District Court for the District of Arizona held that his continued detention violated the Due Process Clause. The District Court noted that Mr. Serbenyuk's removal is not reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Nothing has changed; indeed, recent reports of DHS transporting Ukrainians to Poland and forcing them to cross the Ukrainian border into a warzone only confirm that no lawful or realistic removal mechanism exists. Because Respondents again lack both a valid removal order and any foreseeable ability to lawfully remove Mr. Serbenyuk, his renewed detention violates the Due Process Clause. Mr. Serbenyuk respectfully seeks a writ of habeas corpus directing his immediate release.

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

## II.    JURISDICTION

9.      This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*

10.      This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

11.      This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et seq., the Declaratory Judgment Act, 28 U.S.C. § 2291 et seq., the All Writs Act, 28 U.S.C. § 1651, and the INA, 8 U.S.C. § 1252(e)(2).

## III.    VENUE

12.      Venue is proper because Mr. Serbenyuk is in Respondents' custody in Portland, Oregon. Venue is further proper because a substantial part of the events or omissions giving rise to Mr. Serbenyuk's claims occurred in this District, where he is now in Respondents' custody. 28 U.S.C. § 1391(e).

13.      For these same reasons, divisional venue is proper under Local Rule 3-2.

## IV.    REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

14.      The Court must grant the petition for writ of habeas corpus, or issue to Respondents an order to show cause why a writ should not be granted, "forthwith" unless Mr. Serbenyuk is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

15.      Courts have long recognized the significance of writs of habeas corpus in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift and imperative* remedy in all cases of illegal restraint or enforcement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

Page 4 -      Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

16.    Mr. Serbenyuk is "in custody" for the purpose of § 2241 because he has been arrested and is detained by Respondents.

## V.    PARTIES

17.    Petitioner Vadim Serbenyuk is a native of the Ukrainian Soviet Socialist Republic. He was previously ordered removed from the United States and granted voluntary departure in 2010. The removal order and subsequent voluntary departure carried a 10-year ban on reapplying for admission to the United States; the ban expired in 2020. In late 2024, Mr. Serbenyuk applied for entry into the United States at or near Tijuana, Baja California, Mexico. Mr. Serbenyuk appeared for entry with a CBP One appointment. After Mr. Serbenyuk's negative credible fear determination, he was held in Immigration and Customs Enforcement ("ICE") detention in the San Luis Regional Detention Center in San Luis, Arizona, for over six months. In June 2025, Mr. Serbenyuk filed a petition for writ of habeas corpus and a motion for preliminary injunction in the United States District Court for the District of Arizona on the grounds that there was no significant likelihood that he will be removed to Ukraine in the reasonably foreseeable future due to the ongoing Ukraine-Russia war. See *Serbenyuk v. Rivas*, Case No. 2:25-cv-02082-MTL-MTM, Dkt. No. 1 (D. Ariz., filed June 13, 2025). United States District Judge Michael T. Liburdi granted the petition for writ of habeas corpus and ordered Mr. Serbenyuk's immediate release on August 20, 2025. *Id.*, Dkt. No. 24.

18.    Respondent Cammilla Wamsley is the Field Office Director for the Portland Field Office, Immigration and Customs Enforcement and Removal Operations ("ERO"). The Portland Field Office is responsible for local custody decisions relating to non-citizens charged with being removable from the United States, including the arrest, detention, and custody status of non-citizens. The Portland Field Office's area of responsibility includes fifteen counties in Oregon, including Multnomah and Clackamas Counties. Respondent Wamsley is a legal custodian of Mr. Serbenyuk.

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

19.     Respondent Todd Lyons is the acting director of ICE, and he has authority over the actions of Respondent Wamsley and ICE in general. Respondent Lyons is a legal custodian of Mr. Serbenyuk.

20.     Respondent Kristi Noem is the Secretary of the Department of Homeland Security (DHS) and has authority over the actions of all other DHS Respondents in this case, as well as all operations of DHS. Respondent Noem is a legal custodian of Mr. Serbenyuk and is charged with faithfully administering the immigration laws of the United States.

21.     Respondent Pamela Bondi is the Attorney General of the United States, and as such has authority over the Department of Justice and is charged with faithfully administering the immigration laws of the United States.

22.     Respondent U.S. Immigration and Customs Enforcement is the federal agency responsible for custody decisions relating to non-citizens charged with being removable from the United States, including the arrest, detention, and custody status of non-citizens.

23.     Respondent U.S. Department of Homeland Security is the executive department that has authority over the actions of ICE and all other DHS Respondents.

24.     This action is commenced against all Respondents in their official capacities.

## VI.    BACKGROUND

25.     Mr. Serbenyuk was born in 1988 in the Ukrainian Soviet Socialist Republic. He and his family are Pentecostal Christians. Upon information and belief, in 2002, eleven years after the Soviet Union collapsed, Mr. Serbenyuk and his family were granted asylum in the United States based on a fear of persecution in the Republic of Ukraine on account of their religion. His family settled in Portland, Oregon.

26.     As a teenager and young adult suffering from drug addiction, Mr. Serbenyuk was convicted of multiple, nonviolent, low-level crimes that ultimately led to the termination of his refugee status and his voluntary departure from the United States:

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

a. On May 28, 2008, Mr. Serbenyuk pleaded guilty in the Circuit Court of Multnomah County, Oregon, to one count of second-degree theft, in violation of Or. Rev. Stat. § 164.045, and one count of failure to appear, in violation of Or. Rev. Stat. § 133.076. He was sentenced to three days in jail.

b. On August 15, 2008, Mr. Serbenyuk pleaded guilty in the Circuit Court of Clackamas County, Oregon, to one count of felony possession of heroin, in violation of Or. Rev. Stat. § 475.854(1) and (2)(c); one count of felony possession cocaine, in violation of Or. Rev. Stat. § 475.884(1) and (2)(c); and one count of second-degree theft, in violation of Or. Rev. Stat. § 164.045, a misdemeanor. He was sentenced to 18 months of probation.

c. Also on August 15, 2008, Mr. Serbenyuk pleaded guilty in the Circuit Court of Clackamas County, Oregon, to one count of possession of heroin, in violation of Or. Rev. Stat. § 475.854(1) and (2)(c); and one count of second-degree theft, in violation of Or. Rev. Stat. § 164.045, a misdemeanor. He was sentenced to seven months in jail followed by 18 months of probation.

d. On November 19, 2008, Mr. Serbenyuk was charged in the Circuit Court of Multnomah County, Oregon, with one count of first-degree theft, in violation of Or. Rev. Stat. § 164.055. At his arraignment two weeks later, the charge was dismissed.

27.    None of these convictions amounts to a "particularly serious crime" that would operate to terminate a grant of asylum. See 8 U.S.C. § 1158(b)(2)(A)(ii), (c)(2). Although an aggravated felony counts as a conviction for a particularly serious crime, none of Mr. Serbenyuk's prior convictions qualify. A "theft offense . . . for which the term of imprisonment [is] at least one year" is an aggravated felony, 8 U.S.C. § 1101(a)(43)(g), but Mr. Serbenyuk was never sentenced to more than 7 months imprisonment for theft. "[I]llicit trafficking in a controlled substance (as defined in section 802 of title 21), including a drug trafficking crime (as

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

defined in section 924(c) of title18)," 8 U.S.C. § 1101(a)(43)(B). But Mr. Serbenyuk's convictions for drug possession do not amount to trafficking under Oregon law.[2]

28.     Nevertheless, upon information and belief, as a result of the August 2008 drug-possession convictions, Mr. Serbenyuk's refugee status was terminated as provided in 8 U.S.C. § 1158(c)(2)(B). These convictions made Mr. Serbenyuk inadmissible as provided in 8 U.S.C. § 1182(a)(2)(A)(i)(II). He was placed in removal proceedings and subjected to detention. See 8 U.S.C. § 1158(c)(3) (aliens whose refugee status is terminated are subject to removal proceedings and attendant detention).

29.     Upon information and belief, Mr. Serbenyuk did not contest his removability in those proceedings. He requested and was granted voluntary departure. See 8 U.S.C. § 1229c(b)(1). He was not ineligible for voluntary departure by virtue of his prior convictions because none of his prior convictions were for aggravated felonies, 8 U.S.C. § 1227(a)(2)(A)(iii), or involved terrorism or other security-related grounds, *id.* § 1227(a)(4). See 8 U.S.C. § 1229c(b)(1)(C). He voluntarily departed the United States on or about January 8, 2010, and returned to Ukraine.

30.     By virtue of his voluntary departure, Mr. Serbenyuk was ineligible to apply for readmission to the United States for the following 10 years. See 8 U.S.C. § 1182(a)(9)(ii).

31.     On February 24, 2022, Russia invaded Ukraine. They have been at war ever since. As of 2024, reports estimate that over 80,000 Ukrainians have been killed and more than 400,000 wounded.

---

[2] Mr. Serbenyuk's drug convictions were felonies because of the quantities of the drugs he possessed, Or. Rev. Stat. § 475.900(1)(b), or because they were "commercial drug offenses" because he was caught with drugs while shoplifting and in possession of $300 or more in cash or stolen property, Or. Rev. Stat. § 475.900(1)(b)(B), (F). Mr. Serbenyuk was not accused of or convicted for any *trafficking* element such as selling or giving away a controlled substance. *See United States v. Martinez-Lopez*, 964 F.3d 1034, 1043 (9th Cir. 2017) (en banc) (applying a "modified categorical approach" when assessing a state drug conviction in the immigration context); *see also In re Y-L*, 23 I. & N. Dec. 270, 274 (AG 2002) ("Both the courts and the [Board of Immigration Appeals] have long recognized that drug *trafficking* felonies equate to 'particularly serious crimes.'") (emphasis added); *Mahini v. INS*, 779 F.2d 1419, 1421 (9th Cir. 1986) (deeming "convictions for drug possession *and trafficking* to be particularly serious") (emphasis added).

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

32.     Upon information and belief, under Ukrainian law, all men aged 25 to 60 are subject to mandatory conscription and mobilization. On May 1, 2025, the Ukrainian Supreme Court issued a decision holding that a person cannot avoid Ukraine's mandatory military serviceeven if such service is contrary to their religious views. The court upheld a 3-year prison sentence for a Jehovah's Witness who failed to appear for military service, rejecting the defendant's explanation that his religion does not allow him to perform military service.[3]

33.     On account of his Pentecostal faith, Mr. Serbenyuk is a pacifist. In conformance with his religion, he does not want to take up arms and participate in killing Russian soldiers or mercenaries.[4]

34.     In the fall of 2024, Mr. Serbenyuk and his fiancée fled the war in Ukraine to seek asylum in the United States. They presented themselves for inspection by U.S. immigration officials at or near Tijuana, Baja California, Mexico, on or about November 27, 2024. Both Mr. Serbenyuk and his fiancée had scheduled asylum interviews via the CBP One app. His fiancée was paroled into the United States, and she is presently staying with Mr. Serbenyuk's family in the Portland, Oregon, area. Mr. Serbenyuk, however, was denied admission, placed in expedited removal proceedings, and detained pending removal from the United States.

35.     Upon information and belief, Mr. Serbenyuk was inadmissible in 2024 because he presented himself as an applicant for admission without a valid entry document. See 8 U.S.C. § 1182(a)(7)(A)(i). He indicated that he feared persecution in Ukraine on account of his Pentecostal faith and related pacifist political opinion. He was therefore referred for a credible fear interview in accordance with 8 U.S.C. § 1225(b)(1)(A)(ii).

---

[3] *See* Anna Fratsyvir, *Ukraine's Supreme Court rules religious belief does not exempt citizens from military service during wartime*, Kyiv Independent (May 1, 2025), https://kyivindependent.com/ukrainian-supreme-court-rules-religious-belief-does-not-exempt-citizens-from-military-service-during-wartime/?utm_source=chatgpt.com

[4] In addition, on information and belief, persecution of Pentecostal Christians continues in Russia and Russian-occupied Ukraine. So in addition to being conscripted by the Ukrainian government despite his pacifist beliefs, Mr. Serbenyuk justifiably fears being sent to a front line where, if he were captured, he would be a persecuted religious minority.

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

36.     Upon information and belief, on December 26, 2024, an immigration officer determined that Mr. Serbenyuk did not have a credible fear of persecution in Ukraine on account of either his Pentecostal faith or his pacifist political opinion. He was accordingly ordered removed from the United States. See 8 U.S.C. § 1225(b)(1)(B)(iii)(I). It is unclear whether Mr. Serbenyuk requested,  received, or was told that he had a right to request, a hearing before an immigration judge as provided in 8 U.S.C. § 1225(b)(1)(iii)(III) and 8 C.F.R. § 235.6(a)(2).

37.     Respondents accordingly detained Mr. Serbenyuk in accordance with 8 U.S.C. § 1225(b)(1)(B)(iii)(IV)), which requires him to be detained "pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed."

38.     After Mr. Serbenyuk's negative credible fear determination, he was held in ICE detention in the San Luis Regional Detention Center in San Luis, Arizona, for over six months. Mr. Serbenyuk filed a petition for writ of habeas corpus and a motion for preliminary injunction in the United States District Court for the District of Arizona on the ground that there was no significant likelihood that he will be removed to Ukraine in the reasonably foreseeable future due to the ongoing Ukraine-Russian war. See *Serbenyuk v. Rivas*, Case No. 2:25-cv-02082-MTL-MTM, Dkt. No. 1 (D. Ariz., filed June 13, 2025).

39.     In 2020, Ukraine was classified as being "at risk of non-compliance" with its international obligations to accept its citizens for removal from the United States. See Jill H. Wilson, Congressional Research Service, IF11025, Immigration: Recalcitrant Countries and the Use of Visa Sanctions to Encourage Cooperation with Alien Removals, at 1 (2020). Now, because of the war between Russia and Ukraine, it appears that removals to Ukraine are impossible to achieve. At least one court has credited the assertion that "ICE is not currently deporting Ukrainians due to the Russian invasion" and that "removal of Petitioner is not reasonably foreseeable in the near future even if he obtains a removal order." *Raspoutny v. Decker*, 708 F. Supp. 3d 371, 384 (S.D.N.Y. 2023). In *Raspoutny*, the court ordered a new bond hearing in light of the "indefinite suspension of deportations to Ukraine" and the resulting

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

"potential indefiniteness of Raspoutny's detention even after his removal proceedings are complete." *Id.* at 385.

40.    United States District Judge Michael T. Liburdi granted the petition for writ of habeas corpus and ordered Mr. Serbenyuk's immediate release on August 20, 2025. *Id.*, Dkt. No. 24.

41.    Since his release, Mr. Serbenyuk has been staying with his family in Portland, Oregon. Mr. Serbenyuk has complied with all conditions of his release, including GPS ankle monitoring and attendance at all mandatory check-ins and hearings.

42.    On November 14, 2025, the Washington Post reported that the United States was preparing to imminently deport some Ukrainians. In response to this news, a Ukrainian advisor said, "The U.S. can deport as many [Ukrainians] as they want. . . . We'll find good use for them." *See* Maria Sacchetti, Marianne LeVine, Siobhán O'Grady, John Hudson, *Trump officials prepare to deport some Ukrainians despite conscription fears*, Wash. Post (Nov. 14, 2025), read://https_www.washingtonpost.com/?url=https%3A%2F%2Fwww.washingtonpost.com%2Fimmigration%2F2025%2F11%2F14%2Fukraine-deportations-trump-zelensky%2F.

43.    Upon information and belief, because of the ongoing war, there presently is no international air service in Ukraine. As a result, upon information and belief, the United States has recently deported Ukrainians by transporting them via air to Poland and then via ground to the Ukrainian border.

44.    On information and belief, on November 28, 2025, Mr. Serbenyuk was arrested by the United States Marshals based on outstanding warrants in Clackamas County from the early 2000s. Mr. Serbenyuk is currently being held in the Multnomah County Detention Center. ICE also uses the Multnomah County Detention Center for immigration detention purposes.

/ / /

/ / /

/ / /

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

## VII.    GROUNDS FOR RELIEF

**Mr. Serbenyuk's detention in immigration custody is unlawful because DHS lacked statutory authority to place him in an expedited removal process.**

45.      Mr. Serbenyuk detention is unlawful because DHS failed to comply with the statutory prerequisites for issuing an expedited removal order. Congress strictly limited expedited removal to individuals who lack valid entry documents or who seek admission through fraud or misrepresentation.

46.      There is no allegation that Mr. Serbenyuk attempted to secure immigration status by fraud or misrepresentation.

47.      Mr. Serbenyuk possessed a valid, unexpired passport when he presented himself for inspection at the port of entry. His passport expired March 15, 2025—months after he arrived to the United States. He also presented pursuant to a scheduled inspection appointment through the CBP One process, a lawful and authorized mechanism for seeking inspection and making asylum claims.[5]

48.      As a result, there are no statutory grounds for treating Mr. Serbenyuk as an applicant for admission "lacking valid entry documents," as DHS did here.

49.      The statute requires DHS to make a threshold determination that an individual falls within the specific inadmissibility provisions that trigger expedited removal. DHS made no such determination here. Nor did DHS provide any explanation for treating Mr. Serbenyuk as someone who lacked valid documentation. By placing Mr. Serbenyuk into expedited removal despite the presence of both a valid passport and a DHS-authorized inspection appointment, DHS acted beyond its statutory authority. An order issued ultra vires cannot support continued

---

[5] See Dep't of Homeland Security, DHS Fact Sheet,
https://www.dhs.gov/archive/news/2023/08/03/fact-sheet-cbp-one-facilitated-over-170000-appointments-six-months-and-continues-be (last accessed Nov. 21, 2025) ("CBP One is an example of how the U.S. Government has expanded access to lawful and orderly pathways and processes.")

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

detention, and because the expedited removal order was generated outside the statutory framework, Mr. Serbenyuk's current custody is unlawful.

50.     Due process entitles Mr. Serbenyuk at minimum to the statutory procedures Congress has mandated for arriving asylum seekers. DHS's failure to comply with those statutory requirements independently violates that constitutional guarantee.

51.     DHS's failure to follow proper statutory protocols has limited Mr. Serbenyuk's rights in the asylum-seeking process. Had Mr. Serbenyuk been appropriately placed in the standard asylum queue, he would have had weeks or months to consult with an attorney, would have filed an application for asylum, withholding of removal, and relief under the Convention Against Torture, would have been entitled to Board of Immigration Appeals review of any negative determination of his asylum application, and would have had the right to seek judicial review.

**Mr. Serbenyuk's detention in immigration custody is unlawful because DHS failed to provide the statutory advisals required during the credible-fear process, including the right to consult with counsel.**

52.      Mr. Serbenyuk's detention is unlawful because DHS failed to provide the advisals expressly required in the expedited-removal and credible-fear statutes. Congress mandated that individuals placed into credible-fear interviews be informed of the right to consult with a person of their choosing before the interview, including counsel at no expense to the government, and be given the opportunity to do so. *See* 8 C.F.R. § 208.30(d)(4) ("The [noncitizen] may consult with a person or persons of the [noncitizen]'s choosing prior to the interview or any review thereof . . . Any person or persons with whom the [noncitizen] chooses to consult may be present at the interview.").

53.     Here, Mr. Serbenyuk informed the asylum officer that he was unrepresented and had not received a list of low- or no-cost legal service providers. At that point, the asylum officer

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

told Mr. Serbenyuk that he would be provided such a list *after* the interview. Moreover, the asylum officer misled Mr. Serbenyuk by asking him if he wanted to proceed without counsel but asserting that counsel was "not necessary."

54.    A credible-fear interview conducted without statutory advisals cannot satisfy Congress's command that asylum officers make a "determination" regarding whether an individual has a significant possibility of qualifying for asylum or related protection. The process Mr. Serbenyuk received was therefore not the process Congress created. Because DHS failed to provide the minimum procedural protections required by statute, the resulting expedited removal order is invalid under the INA's own terms and cannot serve as a lawful basis for detention.

55.    Due process protects an individual's entitlement to the procedures Congress has enacted. Where DHS fails to provide those procedures, the deprivation is both statutorily and constitutionally invalid.

**Mr. Serbenyuk's detention in immigration custody is unlawful because the asylum officer did not adequately elicit the basis of his fear of return.**

56.    Mr. Serbenyuk's detention is unlawful because DHS never conducted the statutory credible-fear determination required by law. Congress required that the asylum officer determine whether there is a significant possibility that the applicant could establish eligibility for asylum or related relief. That determination depends on the officer eliciting the core facts underlying the individual's fear of persecution. *See* 8 C.F.R. § 208.30(d) (directing the asylum officer to "conduct the credible fear interview in a nonadversarial manner" and "*elicit all relevant and useful information* bearing on whether the [noncitizen] can establish a credible fear of persecution or torture."

57.    Mr. Serbenyuk—who was unrepresented at the time—attempted to explain that he is a Pentecostal Christian and religious pacifist who fears being forcibly conscripted and sent to the front lines in Ukraine. Moreover, Pentecostal Christians are a persecuted religious minority

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

in Russia and Russian-controlled Ukraine, putting Mr. Serbenyuk at increased danger of death or torture if he were captured by Russian forces.

58.     The asylum officer did not ask Mr. Serbenyuk why he feared military service, did not inquire into the religious basis of his pacifism, and did not explore the role of his faith in his fear of return. Those failures are particularly striking given that Mr. Serbenyuk *did* reveal that his family had previously been granted asylum from Ukraine because of their Pentecostal faith.

59.     Without these facts, no lawful or meaningful statutory determination could have occurred. Because of the asylum officer's failure to elicit the necessary information, no statutorily-sufficient credible-fear determination occurred, and the expedited removal order rests on an incomplete and defective process that Congress did not authorize.

60.     Any constitutional implications follow directly from this statutory violation. Due process protects an individual's entitlement to the procedures Congress established. DHS's failure to conduct the statutory inquiry is therefore both statutorily and constitutionally defective.

**Mr. Serbenyuk's detention in immigration custody is unlawful because the Immigration Judge did not adequately conduct a review of the asylum officer's determination.**

61.     Mr. Serbenyuk's continued detention is unlawful because DHS did not provide the immigration-judge review required by statute following a negative credible-fear determination. Congress expressly requires that a noncitizen who receives a negative credible-fear decision be afforded an opportunity for de novo review by an immigration judge, including a meaningful opportunity to present the basis for the claimed fear. That statutory process exists to ensure that the agency does not remove an individual without first ensuring that the credible-fear inquiry was properly conducted.

62.     Mr. Serbenyuk did not receive that review. Although the record reflects that an immigration judge purported to "affirm" the asylum officer's negative finding, there is no indication that the judge ever spoke to Mr. Serbenyuk, elicited testimony, or allowed him to

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

explain the basis for his fear of persecution. Mr. Serbenyuk was unrepresented and, as far as the record shows, was not brought before the judge or given notice that he could appear, be heard, or provide any additional information. The Immigration Judge's perfunctory affirmance does not constitute the review Congress required. It is simply an administrative ratification of the asylum officer's defective interview.

63.     Because the statute mandates an opportunity for immigration-judge review, DHS was obligated to provide Mr. Serbenyuk with meaningful access to that process. By providing only a summary affirmance without ensuring Mr. Serbenyuk's participation, DHS failed to satisfy the statutory scheme. An expedited removal order issued without compliance with the required review procedures is invalid, and detention predicated on that order is therefore unlawful.

64.     The Immigration Officer also failed to inform Mr. Serbenyuk that he could request that USCIS review her determination within seven days. *See* 8 C.F.R. § 208.30(g)(1)(i) ("USCIS may, in its discretion, reconsider a negative credible fear finding that has been concurred upon by an immigration judge *provided such reconsideration is requested by the [noncitizen]* or initiated by USCIS no more than 7 calendar days after the concurrence by the immigration judge[.]"). Instead, the Immigration Judge's order read: "This is a final order. There is no appeal from this decision." There was no way for Mr. Serbenyuk, who was unrepresented, to know that he had a statutory and regulatory right to request USCIS's further review.

65.     Any constitutional implications follow directly from this statutory violation. Depriving Mr. Serbenyuk of the review Congress mandated violates that limited constitutional guarantee and further confirms that his present detention lacks any lawful basis.


/ / /

/ / /

/ / /


Page 16 -     Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

**Mr. Serbenyuk's detention in immigration custody is violates the Due Process Clause of the Fifth Amendment under *Zadvydas* because there is no significant likelihood that he will be lawfully removed in the foreseeable future.**

66.    The Due Process Clause of the Fifth Amendment limits an alien's "detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Detention under 8 U.S.C. § 1231 may not continue indefinitely. *Id.* Once a noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Because the government's removal authority is constitutionally constrained, the statute does not permit prolonged or speculative detention untethered to a realistic prospect of removal.

67.    Mr. Serbenyuk was detained by immigration officials for over six months before United States District Court for the District of Arizona held that his continued detention violated the Due Process Clause and ordered his immediate release. During that period, the government made no progress toward effectuating his removal. The court found that continued detention violated the constitutional limits recognized in *Zadvydas* and ordered his immediate release. The government did not contest the impossibility of effectuating removal.

68.    Nothing has changed. Ukraine remains at war and is not accepting standard repatriations. Public reporting indicates that DHS recently transported Ukrainian nationals to Poland and forced them across the border into Ukraine on foot—an extraordinary departure from normal removal practices that underscores the absence of any lawful or practical repatriation mechanism. That the government resorted to such extraordinary and irregular actions only reinforces that routine removal to Ukraine is not possible in the foreseeable future.

69.    Mr. Serbenyuk should not be placed back into detention—pushing his total time in immigration custody beyond six months—based on the speculation  that the government might attempt another extraordinary removal operation. The Constitution does not permit

Page 17 -    Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

detention grounded on speculative or coercive possibilities rather than a realistic prospect of lawful repatriation. Re-detaining Mr. Serbenyuk would effectively convert his custody into the type of open-ended or indefinite detention that *Zadvydas* prohibits.

70.     Moreover, Mr. Serbenyuk has complied fully with all conditions of release, including GPS monitoring and mandatory check-ins. His conduct demonstrates that continued release is consistent with the government's regulatory interests and that any renewed detention would serve no removal-related purpose.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court grant the following:

1.     Assume jurisdiction over this matter;

2.     Issue an order prohibiting Respondents from transferring Petitioner from this district without this Court's approval;

3.     Issue an order directing the United States Marshal Service and/or the Multnomah County Sheriff's Office to immediately release Petitioner from custody in the Multnomah County Detention Center pending his court date in Clackamas County;

4.     Issue a writ of habeas corpus ordering Petitioner's immediate release and prohibiting his re-detention or, in the alternative, issue an order to show cause ordering Respondents to show cause why this Petition should not be granted within three days and grant Petitioner a right to file a reply;

5.     Declare that Petitioner's continued detention under a defective removal order violates the Immigration and Nationality Act and/or the Due Process Clause of the Fifth Amendment;

/ / /

/ / /

/ / /

/ / /

Page 18 -     Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205

6.      Issue an order directing Respondents to conduct a new credible fear interview;

7.      Award Petitioner attorney fees and costs under the Equal Access to Justice Act or any other basis justified under law; and

8.      Grant any further relief this Court deems just and proper.

DATED this 28th day of November 2025.

MILLER NASH LLP

*s/ Kieran J. Curley*
Kieran J. Curley, OSB No. 012414
kieran.curley@millernash.com
Bruce L. Campbell, OSB No. 925377
bruce.campbell@millernash.com
Erica R. Tatoian, OSB No. 164896
erica.tatoian@millernash.com
J. Aaron Landau, OSB No. 094135
aaron.landau@millernash.com
Christopher J. Riley, OSB No. 211614
christopher.riley@millernash.com
1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: 503.224.5858 | Fax: 503.224.0155

*Attorneys for Petitioner Vadim Serbenyuk*

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OR 97205