IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

VADIM SERBENYUK,

    Petitioner,

  v.

NICOLE MORRISEY O'DONNELL, Multnomah County Sherriff; UNITED STATES MARSHAL SERVICE; CAMMILLA WAMSLEY, Portland Field Director, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of Homeland Security; and PAMELA JO BONDI, Attorney General of the United States,

    Respondents.

Civ. No. 3:25-cv-02202-AA

**ORDER**

AIKEN, District Judge:

  This habeas case comes before the Court on a Petition for Writ of Habeas Corpus, ECF No 1.

  Petitioner Vadim Serbenyuk is former Ukrainian refugee and lifelong Pentecostal Christian "whose faith requires pacifism." Pet. ¶¶ 2, 33. Petitioner "reasonably fears that if returned to Ukraine he will be conscripted and sent to the

Page 1 – ORDER

front line, in violation of both his religious views and his political pacifist viewpoint." *Id*. He seeks asylum in the United States.

Petitioner was born in 1988 in the Ukrainian Soviet Socialist Republic. *Id*. at ¶ 25. In approximately 2002, eleven years after the Soviet Union collapsed, Petitioner and his family were granted asylum in the United States based on a fear of persecution in the Republic of Ukraine on account of their religion. *Id*. His family settled in Portland, Oregon. *Id*. As a teenager and young adult, Petitioner suffered from drug addiction and "was convicted of multiple, nonviolent, low-level crimes." *Id*. at ¶ 26. As a result, Petitioner's refugee status was terminated under 8 U.S.C. § 1158(c)(2)(B), he was placed in removal proceedings under 8 U.S.C. § 1158(c)(3) and sought and obtained voluntary departure under 8 U.S.C. § 1229c(b)(1). *Id*. at ¶ 28. He voluntarily departed the United States on or about January 8, 2010. *Id*. at ¶ 29. That removal order and later voluntary departure carried a 10-year ban on reapplying for admission to the US. The ban expired in 2020. *Id*. at ¶ 17.

On February 24, 2022, Russia invaded Ukraine. *Id*. at ¶ 31. They have been at war ever since. *Id*.

In the fall of 2024, Petitioner and his fiancée fled Ukraine to seek asylum in the United States. *Id*. at ¶ 34. Petitioner and his fiancée presented themselves at the U.S. immigration officials at or near Tijuana, Baja California, Mexico, on or about November 27, 2024. *Id*. They scheduled asylum interviews via the CBP One app. *Id*. Petitioner's fiancée was paroled into the United States and is presently staying with Petitioner's family in the Portland, Oregon, area. *Id*. Petitioner was provided a

credible-fear interview but had a negative credible-fear determination and was subjected to expedited removal. *Id*. at ¶¶ 5–7. As a result, he was held in ICE detention in San Luis, Arizona for more than six months. *Id*. at ¶ 8. In June 2025, he filed a writ of habeas corpus and a preliminary injunction motion in the District of Arizona "on the ground that there was no significant likelihood that he will be removed to Ukraine in the reasonably foreseeable future due to the ongoing Ukraine-Russia war." *Id*. *See Serbenyuk v. Rivas*, Case No. 2:25-cv-02082-MTL-MTM, Dkt. No. 1 (D. Ariz., filed June 13, 2025). The court granted the writ and, on August 20, 2025, ordered Petitioner's immediate release. *Id*.

Since his release, Petitioner has been staying with his family in Portland, Oregon. *Id*. at 41. He has complied with all conditions of his release, including wearing a GPS ankle monitor and attending all mandatory check-ins and hearings. *Id*.

On November 28, 2025, Petitioner was arrested by the United States Marshals in Clackamas County based on outstanding warrants from the early 2000's. *Id*. at 44. Petitioner is being held in the Multnomah County Detention Center, which Petitioner alleges is also used by ICE for immigration detention purposes. *Id*.

Petitioner alleges that he "was not lawfully placed in an expedited removal proceeding that led to the order of removal at issue[,]" *id*. at ¶ 3, that "his fear was not properly elicited or examined during his credible-fear interview[,]" *id*. at ¶ 5, that he was denied right to counsel during his credible-fear interview[,] *id*. at ¶ 52, and that, given Ukraine's 2020 classification as a country "'at risk of non-compliance' with

Page 3 – ORDER

its international obligations to accept its citizens for removal from the United States," *id.* at 39, his detention violates his Fifth Amendment Due Process rights, which limits an alien's "detention to a period reasonably necessary to bring about that alien's removal from the United States[,]" *id.* at ¶ 66 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)).

Petitioner asks the Court to (a) assume jurisdiction over this matter; (b) issue an order prohibiting Respondents from transferring Petitioner from this district without the Court's approval; (c) issue an order directing the United States Marshal Service and/or the Multnomah County Sheriff's Office to immediately release Petitioner from custody in the Multnomah County Detention Center pending his court date in Clackamas County; (d) issue a writ of habeas corpus ordering Petitioner's immediate release and prohibiting his re-detention or, in the alternative, issue an order to show cause why this Petition should not be granted within three days and grant Petitioner a right to file a reply; (e) declare that Petitioner's continued detention under a defective removal order violates the Immigration and Nationality Act and/or the Due Process Clause of the Fifth Amendment.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of Court is directed to serve a copy of the Petition, ECF No. 1, upon federal Respondents and the U.S Attorney for the District of Oregon, Scott Bradford (Scott.Bradford@usdoj.gov). Petitioner shall promptly serve Respondents.

2. Respondents shall, no later than December 3, 2025, **noon Pacific Standard Time**, answer or respond to the Petition.

3. Although a United States District Court generally lacks subject matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C. § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained by the United States."). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2022)). To give this Court the opportunity to determine whether it has subject matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order respondents to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject matter jurisdiction to determine the underlying action's merits. *See id.* at 294-95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioners shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioners shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondents have already moved Petitioner outside of this District, Respondents are ordered to notify the Court **within two hours of being served with this Order.** Such notice must be filed in writing and on the docket in this proceeding. In addition, Respondents are further ordered to state in any such notice the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

It is so ORDERED and DATED this ___1st___ day of December 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge